**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MAYAGÜEZ S.A.,

                    Plaintiff,

          -against-                                    **Case No. 16 Civ. 06788 (PGG)**

CITIGROUP, INC.,
CITIBANK, N.A.,

                    Defendants.

---

**ANSWER AND DEFENSES**
**OF DEFENDANTS CITIGROUP, INC. AND CITIBANK, N.A.**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Citigroup, Inc. ("Citigroup") and Citibank, N.A. ("Citibank," and together with Citigroup, "Citi"), by and through their undersigned attorneys, hereby answer the First Amended Complaint of Mayagüez S.A. ("Mayagüez"), filed on January 13, 2017 in the above-captioned matter (the "Complaint"). To the extent any allegation is not specifically admitted, it is expressly denied. Citi states that it is not required to respond to the headings and subheadings within the Complaint. To the extent that a response to the headings and subheadings is required, Citi denies the averments in the headings and subheadings to the extent they are directed against Citi and denies knowledge or information sufficient to form a belief as to the truth or falsity of such averments insofar as they related to other parties. Unless expressly admitted, Citi denies any averments in the Complaint's footnotes. To the extent that a footnote cites or refers to a document or other source, Citi respectfully refers this Court to that source for a complete and accurate statement of its contents.

Citi answers the allegations of the Complaint as follows:

1.      Citi denies the allegations contained in paragraph 1, except admits that plaintiff Mayagüez purports to be a Colombian sugar producer and purports to assert the claims stated in paragraph 1.

2.      Citi denies the allegations contained in paragraph 2, except admits that the case involves currency transactions.

3.      Citi denies the allegations contained in paragraph 3.

4.      Citi denies the allegations contained in paragraph 4, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 4.

5.      Citi denies the allegations contained in paragraph 5, except admits that Citi has certain expertise in structured currency products and that Mayagüez entered into certain currency transactions with Citibank-Colombia S.A. and Citibank that are referred to in the Complaint and herein as the "Currency Trades."

6.      Citi denies the allegations contained in paragraph 6.

7.      Citi denies the allegations contained in paragraph 7 and respectfully refers the Court to the terms of the currency hedging transactions between Citibank-Colombia S.A. and Mayagüez and between Citibank and Mayagüez.

8.      Citi denies the allegations contained in paragraph 8, except admits that the January 2015 currency trade between Citibank and Mayagüez is governed by the July 28, 2009 ISDA Master Agreement between Citibank and Mayagüez and that the terms of that currency trade are set forth in confirmations dated January 20, 2015 and related documentation.

9.      Citi denies the allegations contained in paragraph 9.

10.      Citi denies the allegations contained in paragraph 10.

11.      Paragraph 11 states a legal conclusion as to which no response is required.  To the extent a response is required, Citi denies the allegations contained in paragraph 11.

12.      Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12, except admits, on information and belief, that Mayagüez is a corporation organized under the laws of Colombia that operates in Colombia and, among other things, produces and refines cane sugar.

13.      Citi denies  the allegations contained in paragraph 13, except admits that Citigroup is a global diversified financial services holding company incorporated in Delaware, and maintains a principal place of business at 388 Greenwich Street, New York, New York.

14.      Citi denies  the allegations contained in paragraph 14, except admits that Citibank is a national banking association chartered under the laws of the United States, and maintains a principal place of business at 388 Greenwich Street, New York, New York.

15.      Paragraph 15 states a legal conclusion as to which no response is required.  To the extent a response is required, Citi respectfully refers the Court to Section 13(b)(i)(2) of the ISDA Master Agreement and Part 4(h) of the Schedule thereto for the contents thereof.

16.      Paragraph 16 states a legal conclusion as to which no response is required.  To the extent a response is required, Citi denies the allegations contained in paragraph 16 and respectfully refers the Court to Section 13(b)(ii) of the ISDA Master Agreement for the contents thereof.

17.      Paragraph 17 states legal conclusions as to which no responses are required.  To the extent a response is required, Citi denies that the first sentence reflects a complete and accurate description of the provisions referenced, and respectfully refers the Court to Section

13(a) of the ISDA Master Agreement and Part 4(h) of the Schedule thereto for the contents thereof, and Citi denies the allegations contained in the second and third sentences of paragraph 17.

18.      Paragraph 18 states legal conclusions as to which no responses are required.  To the extent a response is required, Citi denies the allegations contained in paragraph 18, except admits, on information and belief, that Mayagüez is a Colombian company.

19.      Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19.

20.      Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20, except admits, on information and belief, that Mayagüez has operations in Colombia.

21.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21, except admits, on information and belief, that Mayagüez sells its products both in Colombia and outside Colombia, including in the United States, and gets paid in both COP and USD.

22.      Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22.

23.       Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23.

24.      Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24.

25.      Paragraph 25 states hypotheticals as to which no responses are required.  To the extent a response is required, Citi denies knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations contained in paragraph 25.

26.     Paragraph 26 states hypotheticals as to which no responses are required.  To the extent a response is required, Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26.

27.     Paragraph 27 states hypotheticals as to which no responses are required.  To the extent a response is required, Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27.

28.     Paragraph 28 states hypotheticals as to which no responses are required.  To the extent a response is required, Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28.

29.     Paragraph 29 states hypotheticals as to which no responses are required.  To the extent a response is required, Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29.

30.     Paragraph 30 states hypotheticals as to which no responses are required.  To the extent a response is required, Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30.

31.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31.

32.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32.

33.     Citi denies that the allegations contained in paragraph 33 provide an accurate and complete description of currency forwards, and therefore denies the allegations contained in paragraph 33, except admits that a currency forward is a type of currency hedging transaction, the

structure and terms of which can vary from transaction to transaction.

34.     Citi denies that the allegations contained in paragraph 34 provide an accurate and complete description of currency forwards, and therefore denies the allegations contained in paragraph 34, except admits that, depending on the structure and terms agreed by the parties, it is possible that a currency forward could operate as described in paragraph 34.

35.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35, except admits that Citibank and its clients have entered into currency hedging transactions of a variety of types and structures.

36.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36.

37.     Citi respectfully refers the Court to public records of the currency exchange rates of U.S. dollars to Colombian pesos from 2002 to 2006 and denies the allegations contained in the first sentence of paragraph 37 to the extent they are inconsistent with such public records.  Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 37.

38.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38.

39.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39, except admits that Mayagüez engaged in currency hedging transactions with Citibank-Colombia S.A. in 2013.

40.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40.

41.     Citi denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 41.

42.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42.

43.     Citi denies the allegations contained in paragraph 43, except admits, on information and belief, that Mayagüez is not a financial institution.

44.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44, except admits that Mayagüez executed certain contracts with respect to anticipated currency forwards.

45.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45, except admits that on July 28, 2009, Citibank and Mayagüez executed the ISDA Master Agreement.

46.     Citi denies that the allegations contained in paragraph 46 set forth the complete and accurate terms governing the referenced currency transactions, and respectfully refers the Court to the ISDA Master Agreement and other relevant documentation for the complete and accurate terms of each of those transactions..

47.     Citi denies the allegations contained in paragraph 47 and respectfully refers the Court to the ISDA Master Agreement for the terms thereof.

48.     Citi denies the allegations contained in paragraph 48, except admits that Citibank-Colombia S.A. and Mayagüez entered into a Spanish-language agreement titled "Contrato Marco Local Para Instrumentos Financieros Derivados," dated January 3, 2011 (the "Colombian ISDA"), and respectfully refers the Court to that agreement for the terms thereof.

49.     Citi denies the allegations contained in paragraph 49.

50.     Citi denies the allegations contained in paragraph 50, except admits that Mayagüez

entered into the ISDA Master Agreement with Citibank on or about July 28, 2009 and the

Colombian ISDA with Citibank-Colombia S.A. on or about January 3, 2011.

51.     Citi denies the allegations contained in paragraph 51.

52.     Citi denies that the allegations contained in paragraph 52 accurately reflect the

description of Citigroup's ICG found at http://icg.citi.com/icg/about_us/ and respectfully refers

the Court to the referenced webpage for its content.

53.     Citi denies that the allegations contained in paragraph 53 accurately reflect the

description of Citigroup's ICG found at

http://icg.citi.com/icg/corporateandinvestmentbanking/corp_comm_bank.html and respectfully

refers the Court to the referenced webpage for its content.

54.     Citi admits the allegations contained in the first sentence of paragraph 54, and

denies the allegations contained in the second sentence of paragraph 54.

55.     Citi denies the allegations contained in paragraph 55, except admits that Michael

Corbat is Citigroup's Chief Executive Officer with an office in New York and that James A.

Forese is CEO of Citigroup's ICG and also has an office in New York.

56.     Citi denies that the allegations contained in paragraph 56 accurately reflect the

description of ICG's CIB found at

http://icg.citi.com/icg/corporateandinvestmentbanking/corp_comm_bank.html and respectfully

refers the Court to the referenced webpage for its content.

57.     Citi denies that the allegations contained in paragraph 57 accurately reflect the

description of ICG's MKTS on its Citigroup's ICG website and respectfully refers the Court to

ICG's website for its content.

58.     Citi denies the allegations contained in paragraph 58, and respectfully refers the

Court to Citigroup's ICG webpages for a complete and accurate view of its promotional materials.

59.     Citi denies the allegations contained in paragraph 59, except admits that Jane Fraser is CEO of Citigroup Latin America.

60.     Citi denies the allegations contained in paragraph 60, except admits that the business email addresses of certain Citibank-Colombia S.A. employees who communicated with Mayagüez contain the "@citi.com" domain name and the notation "[ICG-CIB]" or "[ICG-MKTS]".

61.     Citi denies the allegations contained in paragraph 61, except admits that certain Citibank-Colombia S.A. employees reported to Mr. Chacin.

62.     Citi denies the allegations contained in paragraph 62, except (i) admits that certain Citibank-Colombia S.A. employees and Mayagüez engaged in discussions concerning currency hedging transactions in 2012, and (ii) denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 62.

63.     Citi denies the allegations contained in paragraph 63, except admits that in or around the summer of 2012, certain Citibank-Colombia S.A. employees engaged in discussions with Mayagüez concerning currency hedging transactions.

64.     Citi denies the allegations contained in paragraph 64, and respectfully refers the Court to the relevant agreements, confirmations, and related documentation for the terms of the specific transactions that Mayagüez entered into with Citibank-Colombia S.A. or Citibank.

65.     Citi denies the allegations contained in paragraph 65, and respectfully refers the Court to the relevant agreements, confirmations, and related documentation for the terms of the specific transactions that Mayagüez entered into with Citibank-Colombia S.A. or Citibank.

66.     Citi denies the allegations contained in paragraph 66, except denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 66.

67.     Citi denies the allegation contained in paragraph 67.

68.     Citi denies the allegations contained in paragraph 68, and respectfully refers the Court to the relevant agreements, confirmations, and related documentation for the terms of the specific transactions that Mayagüez entered into with Citibank-Colombia S.A. and Citibank.

69.     Citi denies the allegations contained in paragraph 69, and respectfully refers the Court to the relevant agreements, confirmations, and related documentation for the terms of the specific transactions that Mayagüez entered into with Citibank-Colombia S.A. and Citibank.

70.     Citi denies the allegations contained in paragraph 70.

71.     Citi denies the allegations contained in paragraph 71.

72.     Citi denies the allegations contained in paragraph 72.

73.     Citi denies the allegations contained in paragraph 73, and respectfully refers the Court to the referenced email for the contents thereof.

74.     Citi denies the allegations contained in paragraph 74, and respectfully refers the Court to the referenced email for the contents thereof.

75.     Citi denies the allegations contained in paragraph 75, and respectfully refers the Court to the referenced email and its attachment for the contents thereof.

76.     Citi denies the allegations contained in paragraph 76, and respectfully refers the Court to the referenced presentation for the contents thereof.

77.     Citi denies the allegations contained in paragraph 77, and respectfully refers the Court to the referenced presentation for the contents thereof.

78.     Citi denies the allegations contained in paragraph 78.

79.     Citi denies the allegations contained in paragraph 79, and respectfully refers the Court to the referenced presentation for the contents thereof.

80.     Citi denies the allegations contained in paragraph 80, and respectfully refers the Court to the referenced email for the contents thereof.

81.     Citi denies the allegations contained in paragraph 81, and respectfully refers the Court to the referenced email and presentation for the contents thereof.

82.     Citi denies the allegations contained in paragraph 82, and respectfully refers the Court to the referenced email and spreadsheet for the contents thereof.

83.     Citi denies the allegations contained in paragraph 83, and respectfully refers the Court to the referenced email and spreadsheet for the contents thereof.

84.     Citi denies the allegations contained in paragraph 84, and respectfully refers the Court to the referenced email and presentation for the contents thereof.

85.     Citi denies the allegations contained in paragraph 85, and respectfully refers the Court to the referenced presentation for the contents thereof.

86.     Citi denies the allegations contained in paragraph 86, and respectfully refers the Court to the referenced email and presentation for the contents thereof.

87.     Citi denies the allegations contained in paragraph 87, except admits that certain employees of Citibank-Colombia S.A. met and corresponded with Mayagüez in 2012 and 2013.

88.     Citi denies the allegations contained in paragraph 88.

89.     Citi denies the allegations contained in paragraph 89, except admits that Lina Bermudez communicated with Mayagüez, and that Ms. Bermudez's business email address contains the "@citi.com" domain name and the notation "[ICG-CIB]."

90.     Citi denies the allegations contained in paragraph 90, except admits that David

Polania and Juan Santiago Montejo communicated with Mayagüez, that their respective business email addresses contain the "@citi.com" domain name and the notation "[ICG-MKTS]."

91.     Citi denies the allegations contained in paragraph 91.

92.     Citi denies the allegations contained in paragraph 92.

93.     Citi denies the allegations contained in paragraph 93, and respectfully refers the Court to the relevant agreements, confirmations, and related documentation for the terms of the specific transactions that Mayagüez entered into with Citibank-Colombia S.A. and Citibank.

94.     Citi denies the allegations contained in paragraph 94.

95.     Citi denies the allegations contained in paragraph 95.

96.     Citi denies the allegations contained in paragraph 96.

97.     Citi denies the allegations contained in paragraph 97, except admits that between 2012 and 2016, Citi requested and received certain financial information from Mayagüez.

98.     Citi denies the allegations contained in paragraph 98.

99.     Citi denies the allegations contained in paragraph 99, except admits that Mayagüez entered into currency hedging transactions with Citibank-Colombia S.A. in November 2013 and July 2014 and with Citibank in January 2015.

100.     Citi admits that in November 2013, Citibank-Colombia S.A. and Mayagüez entered into a currency hedging transaction, the terms of which are set forth in the Colombian ISDA, a confirmation dated November 6, 2013, and related documentation, denies that the allegations contained in paragraph 100 set forth the complete and accurate terms of the November 2013 currency hedging transaction between Citibank-Colombia S.A. and Mayagüez, and respectfully refers the Court to those documents for the complete and accurate terms of that transaction.

101.     Citi denies that the allegations contained in paragraph 101 set forth the complete

and accurate terms of the November 2013 currency hedging transaction between Citibank-

Colombia S.A. and Mayagüez, and respectfully refers the Court to the Colombian ISDA, the

November 6, 2013 confirmation, and related documentation for the complete and accurate terms

of that transaction.

102.     Citi denies that the allegations contained in paragraph 102 set forth complete and

accurate terms of the November 2013 currency hedging transaction between Citibank-Colombia

S.A. and Mayagüez, and respectfully refers the Court to the Colombian ISDA, the November 6,

2013 confirmation, and related documentation for the complete and accurate terms of that

transaction.

103.     Citi denies the allegations contained in paragraph 102, except denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained in the

first sentence of paragraph 103, and respectfully refers the Court to the Colombian ISDA, the

November 6, 2013 confirmation, and related documentation for the complete and accurate terms

of the November 2013 currency hedging transaction between Mayagüez and Citibank-Colombia

S.A.

104.     Citi denies that the allegations contained in paragraph 104 set forth complete and

accurate terms of the November 2013 currency hedging transaction between Citibank-Colombia

S.A. and Mayagüez, and respectfully refers the Court to the Colombian ISDA, the November 6,

2013 confirmation, and related documentation for the complete and accurate terms of that

transaction.

105.     Citi denies that the allegations contained in paragraph 105 set forth complete and

accurate terms of the November 2013 currency hedging transaction between Citibank-Colombia

S.A. and Mayagüez, and respectfully refers the Court to the Colombian ISDA, the November 6, 2013 confirmation, and related documentation for the complete and accurate terms of that transaction.

106.    Citi denies that the allegations contained in paragraph 106 set forth complete and accurate terms of the November 2013 currency hedging transaction between Citibank-Colombia S.A. and Mayagüez, and respectfully refers the Court to the Colombian ISDA, the November 6, 2013 confirmation, and related documentation for the complete and accurate terms of that transaction.

107.    Citi denies the allegations contained in paragraph 107, except respectfully refers the Court to public records of the currency exchange rates of U.S. dollars to Colombian pesos in the first quarter of 2014 and to the Colombian ISDA, the November 6, 2013 confirmation, and related documentation for the complete and accurate terms of that transaction.

108.    Citi denies the allegations contained in paragraph 108, except admits that the November 2013 currency hedging transaction was amended.

109.    Citi admits that the terms of the November 2013 currency hedging transaction between Citibank-Colombia S.A. and Mayagüez were amended, but denies that the allegations contained in paragraph 109 set forth a complete and accurate description of the terms of the amendments to the November 2013 currency hedging transaction between Citibank-Colombia S.A. and Mayagüez, and respectfully refers the Court to the amendments for the complete and accurate terms of the amendments.

110.    Citi admits that the terms of the November 2013 currency hedging transaction between Citibank-Colombia S.A. and Mayagüez were amended, but denies that the allegations contained in paragraph 110 set forth a complete and accurate description of the terms of the

amendments to the November 2013 currency hedging transaction between Citibank-Colombia S.A. and Mayagüez, and respectfully refers the Court to the amendments for the complete and accurate terms of the amendments.

111.    Citi admits the allegations contained in paragraph 111.

112.    Citi admits that Citibank-Colombia S.A. and Mayagüez entered into a currency hedging transaction in July 2014 the terms of which are set forth in the Colombian ISDA, a confirmation dated July 31, 2014, and related documentation, denies that the allegations contained in paragraph 112 set forth the complete and accurate terms of the July 2014 currency hedging transaction between Citibank-Colombia S.A. and Mayagüez, and respectfully refers the Court to those documents for the complete and accurate terms of that transaction.

113.    Citi denies the allegations contained in paragraph 113, and respectfully refers the Court to the Colombian ISDA, the confirmation dated July 31, 2014, and related documentation for the complete and accurate terms of the July 2014 currency hedging transaction between Citibank-Colombia S.A. and Mayagüez.

114.    Citi denies that the allegations contained in paragraph 114 set forth a complete and accurate description of the terms of the July 2014 currency hedging transaction between Citibank-Colombia S.A. and Mayagüez, and respectfully refers the Court to the Colombian ISDA, the July 31, 2014 confirmation, and related documentation for the terms of that transaction.

115.    Citi denies that the allegations contained in paragraph 115 set forth a complete and accurate description of the terms of the July 2014 currency hedging transaction between Citibank-Colombia S.A. and Mayagüez, and respectfully refers the Court to the Colombian ISDA, the July 31, 2014 confirmation, and related documentation for the terms of that transaction.

116.    Citi denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 116.

117.    Citi denies the allegations contained in the second and third sentences of paragraph 117; denies that the allegations contained in the first sentence of paragraph 117 set forth a complete and accurate description of the terms of the July 2014 currency hedging transaction between Citibank-Colombia S.A. and Mayagüez; and respectfully refers the Court to the Colombian ISDA, the July 31, 2014 confirmation, and related documentation for the terms of that transaction.

118.    Citi denies that the allegations contained in paragraph 118 set forth a complete and accurate description of the terms of the July 2014 currency hedging transaction between Citibank-Colombia S.A. and Mayagüez, and respectfully refers the Court to the Colombian ISDA, the July 31, 2014 confirmation, and related documentation for the terms of that transaction.

119.    Citi denies that the allegations contained in paragraph 119 set forth a complete and accurate description of the terms of the July 2014 currency hedging transaction between Citibank-Colombia S.A. and Mayagüez, and respectfully refers the Court to the Colombian ISDA, the July 31, 2014 confirmation, and related documentation for the terms of that transaction.

120.    Citi denies the allegations contained in the first sentence of paragraph 120 and respectfully refers the Court to public records of the currency exchange rates of U.S. dollars to Colombian pesos in the second half of 2014, and denies the allegations contained in the second sentence of paragraph 120.

121.    Citi denies the allegations contained in paragraph 121, except (i) respectfully refers the Court to public records of the currency exchange rates of U.S. dollars to Colombian pesos in 2015; (ii) admits that in November and December 2014, Mayagüez made total payments to Citibank-Colombia S.A.  of COP 1,878,720,000; (iii)  admits that by January 2015 Mayagüez

owed approximately USD 34.9 million to Citibank-Colombia S.A. under the July 2014 currency hedging transaction on a mark-to-market basis; and (iv) denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 121 concerning the value of Mayagüez's export revenues in 2014.

122.    Citi denies the allegations contained in paragraph 122, except (i) admits that, by January 2015, Mayagüez made total payments to Citibank-Colombia S.A. of COP 1,878,720,000 pursuant to the July 2014 Currency Trade; and (ii) admits that by January 2015 Mayagüez owed approximately USD 34.9 million to Citibank-Colombia S.A. under the July 2014 currency hedging transaction on a mark-to-market basis.

123.    Citi denies the allegations contained in paragraph 123, except admits that Mayagüez and Citi discussed the July 2014 Currency Trade in October 2014.

124.    Citi denies the allegations contained in paragraph 124, including footnote 12, except (i) admits that in January 2015, Citibank and Mayagüez entered into a currency hedging transaction, the terms of which are set forth in the ISDA Master Agreement, confirmations dated January 20, 2015, and related documentation; and (ii) denies that Citibank-Colombia S.A. assigned to Citibank its rights in connection with the July 2014 currency hedging transaction between Citibank-Colombia S.A. and Mayagüez.

125.    Citi denies the allegations contained in paragraph 125, except admits that the January 2015 currency hedging transaction between Citibank and Mayagüez has two tranches, and respectfully refers the Court to the ISDA Master Agreement, the January 13, 2015 confirmation, and related documentation for the terms of the transaction.

126.    Citi denies that the allegations contained in paragraph 126 set forth a complete and accurate description of the terms of the January 2015 currency hedging transaction between

Citibank and Mayagüez, and respectfully refers the Court to the ISDA Master Agreement, the January 13, 2015 confirmation, and related documentation for the terms of the transaction.

127.    Citi denies that the allegations contained in paragraph 127 set forth a complete and accurate description of the terms of the January 2015 currency hedging transaction between Citibank and Mayagüez, and respectfully refers the Court to the ISDA Master Agreement, the January 13, 2015 confirmation, and related documentation for the terms of the transaction.

128.    Citi denies that the allegations contained in paragraph 128 set forth a complete and accurate description of the terms of the January 2015 currency hedging transaction between Citibank and Mayagüez, and respectfully refers the Court to the ISDA Master Agreement, the January 13, 2015 confirmation, and related documentation for the terms of the transaction.

129.    Citi denies that the allegations contained in paragraph 129 set forth a complete and accurate description of the terms of the January 2015 currency hedging transaction between Citibank and Mayagüez, and respectfully refers the Court to the ISDA Master Agreement, the January 13, 2015 confirmation, and related documentation for the terms of the transaction.  Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in footnote 13 of paragraph 129.

130.    Citi denies the allegations contained in paragraph 130, and respectfully refers the Court to the ISDA Master Agreement, the January 13, 2015 confirmation, and related documentation for the terms of the transaction.

131.    Citi denies the allegations contained in paragraph 131, except admits that during the period from October 2014 through January 2015, employees of Citibank-Colombia S.A. and representatives of Mayagüez met to discuss currency hedging transactions.

132.    Citi denies the allegations contained in paragraph 132, except admits that

(i) Mayagüez entered into the ISDA Master Agreement with Citibank on or about July 28, 2009 and the Colombian ISDA with Citibank-Colombia S.A. on or about January 3, 2011; and (ii) the November 2013 and July 2014 currency hedging transactions with Mayagüez were amended.

133.    Citi denies the allegations contained in paragraph 133.

134.    Citi denies the allegations contained in paragraph 134, except (i) respectfully refers the Court to public records of the currency exchange rates of U.S. dollars to Colombian pesos in 2015; (ii) admits that in or around the first quarter of 2015, Mayagüez and Citibank discussed the terms of the January 2015 Currency Trade; and (iii) admits that as of March 2015, the MTM value of the January 2015 Currency Trade was approximately USD 44.5 million.

135.    Citi denies the allegations contained in paragraph 135.

136.    Citi denies the allegations contained in the first and second sentences of paragraph 136.  Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 136.

137.    Citi denies the allegations contained in paragraph 137 and respectfully refers the Court to public records of the currency exchange rates of U.S. dollars to Colombian pesos in 2015.

138.    Citi denies the allegations contained in paragraph 138.

139.    Citi denies the allegations contained in paragraph 139.

140.    Citi denies the allegations contained in paragraph 140.

141.    Citi denies the allegations contained in paragraph 141, except (i) respectfully refers the Court to public records of the currency exchange rates of U.S. dollars to Colombian pesos in December 2015; and (ii) admits that Mayagüez paid approximately USD 8 million to Citibank from December 2015 to February 2016 in connection with the January 2015 currency hedging

transaction between Mayagüez and Citibank.

142.    Citi denies the allegations contained in paragraph 142.

143.    Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 143, except admits that Mayagüez made payments of USD $44 million to Citi in March 2016 and payments of approximately USD 15.7 million from March to September 2016.

144.    Citi denies the allegations contained in paragraph 144.

145.    Citi denies the allegations contained in paragraph 145.

146.    Citi denies the allegations contained in paragraph 146.

147.    Citi denies the allegations contained in paragraph 147.

148.    Citi denies the allegations contained in paragraph 148.

149.    Citi denies the allegations contained in paragraph 149.

150.    Citi denies the allegations contained in paragraph 150.

**FIRST CAUSE OF ACTION**
**Willful Violation of Article 2341 of the Colombian Civil Code**
**(Against Defendants Citigroup and Citibank)**

151.    Paragraph 151 states a legal conclusion as to which no response is required.

152.    Citi incorporates by reference the preceding responses as though fully set forth herein.

153.    Paragraph 153 states a legal conclusion as to which no response is required.  To the extent a response is required, Citi denies the allegations contained in paragraph 153.

154.    Paragraph 154 states a legal conclusion as to which no response is required.  To the extent a response is required, Citi denies the allegations contained in paragraph 154.

155.    Citi denies the allegations contained in paragraph 155.

156.    Citi denies the allegations contained in paragraph 156.

157.    Citi denies the allegations contained in paragraph 157 and incorporates by reference its responses to paragraphs 71 to 96.

158.    Citi denies the allegations contained in paragraph 158.

159.    Citi denies the allegations contained in paragraph 159.

160.    Citi denies the allegations contained in paragraph 160 and incorporates by reference its responses to paragraphs 131 to 136.

161.    Citi denies the allegations contained in paragraph 161.

162.    Citi denies the allegations contained in paragraph 162.

**SECOND CAUSE OF ACTION**
**Fraudulent Inducement (Alternative to First Cause of Action)**
**(Against Defendants Citigroup and Citibank Regarding All Currency Trades)**

163.    Citi incorporates by reference the preceding responses as though fully set forth herein.

164.    Paragraph 164 states a legal conclusion as to which no response is required.  To the extent a response is required, Citi denies the allegations contained in paragraph 164.

165.    Citi denies the allegations contained in paragraph 165.

166.    Citi denies the allegations contained in paragraph 166.

167.    Citi denies the allegations contained in paragraph 167 and incorporates by reference its responses to paragraphs 71 to 96.

168.    Citi denies the allegations contained in paragraph 168.

169.    Citi denies the allegations contained in paragraph 169.

170.    Citi denies the allegations contained in paragraph 170.

171.    Citi denies the allegations contained in paragraph 171.

**THIRD (ALTERNATIVE) CAUSE OF ACTION**
**Fraudulent Concealment (Alternative to First Cause of Action)**
**(Against Defendants Citigroup and Citibank Regarding All Currency Trades)**

172.    Citi incorporates by reference the preceding responses as though fully set forth

herein.

173.    Paragraph 173 states a legal conclusion as to which no response is required.  To the

extent a response is required, Citi denies the allegations contained in paragraph 173.

174.    Citi denies the allegations contained in paragraph 174.

175.    Citi denies the allegations contained in paragraph 175.

176.    Citi denies the allegations contained in paragraph 157 and incorporates by

reference its responses to paragraphs 71 to 96.

177.    Citi denies the allegations contained in paragraph 177.

178.    Citi denies the allegations contained in paragraph 178.

179.    Citi denies the allegations contained in paragraph 179.

180.    Citi denies the allegations contained in paragraph 180.

**FOURTH (ALTERNATIVE) CAUSE OF ACTION**
**Fraudulent Inducement (Alternative to First Cause of Action)**
**(Against Defendants Citigroup and Citibank Regarding The January 2015 Currency Trade)**

181.    Citi incorporates by reference the preceding responses as though fully set forth

herein.

182.    Paragraph 182 states a legal conclusion as to which no response is required.  To the

extent a response is required, Citi denies the allegations contained in paragraph 182.

183.    Citi denies the allegations contained in paragraph 183.

184.    Citi denies the allegations contained in paragraph 184.

185.    Citi denies the allegations contained in paragraph 185, except admits that

(i) Mayagüez entered into the ISDA Master Agreement with Citibank on or about July 28, 2009 and the Colombian ISDA with Citibank-Colombia S.A. on or about January 3, 2011; and (ii) the November 2013 and July 2014 currency hedging transactions between Citibank-Colombia S.A. and Mayagüez were amended.

186.    Citi denies the allegations contained in paragraph 186.

187.    Citi denies the allegations contained in paragraph 187 and incorporates by reference its responses to paragraphs 131 to 136.

188.    Citi denies the allegations contained in paragraph 188.

189.    Citi denies the allegations contained in paragraph 189.

190.    Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 190.

191.    Citi denies the allegations contained in paragraph 191.

### FIFTH CAUSE OF ACTION
**Negligent Violation of Article 2341 of the Colombian Civil Code
(Against Defendants Citigroup and Citibank)**

192.    Paragraph 192 states a legal conclusion as to which no response is required.

193.    Citi incorporates by reference the preceding responses as though fully set forth herein.

194.    Paragraph 194 states a legal conclusion as to which no response is required.  To the extent a response is required, Citi denies the allegations contained in paragraph 194.

195.    Paragraph 195 states a legal conclusion as to which no response is required.  To the extent a response is required, Citi denies the allegations contained in paragraph 195.

196.    Citi denies the allegations contained in paragraph 196.

197.    Citi denies the allegations contained in paragraph 197.

198.    Citi denies the allegations contained in paragraph 198 and incorporates by reference its responses to paragraphs 71 to 96.

199.    Citi denies the allegations contained in paragraph 199.

200.    Citi denies the allegations contained in paragraph 200.

201.    Citi denies the allegations contained in paragraph 201 and incorporates by reference its responses to paragraphs 131 to 136.

202.    Citi denies the allegations contained in paragraph 202.

203.    Citi denies the allegations contained in paragraph 203.

### SIXTH (ALTERNATIVE) CAUSE OF ACTION
### Negligent Misrepresentation (Alternative to Fifth Cause of Action)
### (Against Defendants Citigroup and Citibank Regarding All Currency Trades)

204.    Citi incorporates by reference the preceding responses as though fully set forth herein.

205.    Citi denies the allegations contained in paragraph 205, except admits that Citigroup is a global financial institution that provides a variety of financial services to large corporate and government clients.

206.    Citi admits that Mayagüez entered into the ISDA Master Agreement with Citibank on or about July 28, 2009 and the Colombian ISDA with Citibank-Colombia S.A. on or about January 3, 2011, but otherwise denies the allegations contained in the first sentence of paragraph 206 and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 206.

207.    Citi denies the allegations contained in paragraph 207, except admits that Citibank-Colombia S.A. and Mayagüez discussed currency hedging transactions in 2012.

208.    Citi denies the allegations contained in paragraph 208.

209.    Citi denies the allegations contained in paragraph 209, except admits that

Mayagüez entered into the ISDA Master Agreement with Citibank on or about July 28, 2009 and the Colombian ISDA with Citibank-Colombia S.A. on or about January 3, 2011.

210.    Citi denies the allegations contained in paragraph 210.

211.    Citi denies the allegations contained in paragraph 211.

212.    Citi denies the allegations contained in paragraph 212.

213.    Citi denies the allegations contained in paragraph 213 and incorporates by reference its responses to paragraphs 71 to 96.

214.    Citi denies the allegations contained in paragraph 214.

215.    Citi denies the allegations contained in paragraph 215.

216.    Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 216.

217.    Citi denies the allegations contained in paragraph 217.

218.    Citi denies the allegations contained in paragraph 218.

219.    Citi denies the allegations contained in paragraph 219.

### SEVENTH (ALTERNATIVE) CAUSE OF ACTION
### Negligent Misrepresentation (Alternative to Fifth Cause of Action)
### (Against Defendants Citigroup and Citibank Regarding the January 2015 Currency Trades)

220.    Citi incorporates by reference the preceding responses as though fully set forth herein.

221.    Citi denies the allegations contained in paragraph 221, except admits that Citigroup is a global financial institution that provides a variety of financial services to large corporate and government clients.

222.    Citi admits that Mayagüez entered into the ISDA Master Agreement with Citibank on or about July 28, 2009 and the Colombian ISDA with Citibank-Colombia S.A. on or about

January 3, 2011, but otherwise denies the allegations contained in the first sentence of paragraph

222 and denies knowledge or information sufficient to form a belief as to the truth or falsity of

the allegations contained in the second sentence of paragraph 222.

223.    Citi denies the allegations contained in paragraph 223, except admits that Citibank-

Colombia S.A. and Mayagüez discussed currency hedging transactions in 2012.

224.    Citi denies the allegations contained in paragraph 224.

225.    Citi denies the allegations contained in paragraph 225, except admits that

Mayagüez entered into the ISDA Master Agreement with Citibank on or about July 28, 2009 and

the Colombian ISDA with Citibank-Colombia S.A. on or about January 3, 2011.

226.    Citi denies the allegations contained in paragraph 226.

227.    Citi denies the allegations contained in paragraph 227.

228.    Citi denies the allegations contained in paragraph 228.

229.    Citi denies the allegations contained in paragraph 229, except admits that

(i) Mayagüez entered into the ISDA Master Agreement with Citibank on or about July 28, 2009

and the Colombian ISDA with Citibank-Colombia S.A. on or about January 3, 2011; and (ii) the

November 2013 and July 2014 currency hedging transactions with Mayagüez were amended.

230.    Citi denies the allegations contained in paragraph 230 and incorporates by

reference its responses to paragraphs 131 to 136.

231.    Citi denies the allegations contained in paragraph 231.

232.    Citi denies the allegations contained in paragraph 232.

233.    Citi denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 233.

234.    Citi denies the allegations contained in paragraph 234.

235.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 235.

236.     Citi denies the allegations contained in paragraph 236.

**EIGHTH CAUSE OF ACTION**
**Violation of Article 863 of the Colombian Civil Code**
**(Against Defendants Citigroup and Citibank)**

237.     Paragraph 237 states a legal conclusion as to which no response is required.

238.     Citi incorporates by reference the preceding responses as though fully set forth herein.

239.     Paragraph 239 states a legal conclusion as to which no response is required.  To the extent a response is required, Citi denies the allegations contained in paragraph 239.

240.     Paragraph 240 states a legal conclusion as to which no response is required.  To the extent a response is required, Citi denies the allegations contained in paragraph 240.

241.     Citi denies the allegations contained in paragraph 241.

242.     Citi denies the allegations contained in paragraph 242.

243.     Citi denies the allegations contained in paragraph 243 and incorporates by reference its responses to paragraphs 71 to 96.

244.     Citi denies the allegations contained in paragraph 244.

245.     Citi denies the allegations contained in paragraph 245.

246.     Citi denies the allegations contained in paragraph 246 and incorporates by reference its responses to paragraphs 131 to 136.

247.     Citi denies the allegations contained in paragraph 247.

**NINTH (ALTERNATIVE) CAUSE OF ACTION**
**Unjust Enrichment (Alternative to First, Fifth and Eighth Causes of Action)**
**(Against Defendants Citigroup and Citibank)**

248.     Citi incorporates by reference the preceding responses as though fully set forth herein.

249.     Citi denies the allegations contained in paragraph 249.

250.     Citi denies the allegations contained in paragraph 250.

251.     Citi denies the allegations contained in the first sentence of paragraph 250.  Citi admits that Mayagüez requests that the Court grant the relief requested, but otherwise denies the allegations contained in the second sentence of paragraph 250, including that Mayagüez is entitled to any relief in this action.

### TENTH (ALTERNATIVE) CAUSE OF ACTION
### Promissory Estoppel (Alternative to First, Fifth and Eighth Causes of Action)
### (Against Defendants Citigroup and Citibank Regarding the January 2015 Currency Trade)

252.     Citi incorporates by reference the preceding responses as though fully set forth herein.

253.     Paragraph 253 states a legal conclusion as to which no response is required.  To the extent a response is required, Citi denies the allegations contained in paragraph 53.

254.     Citi denies the allegations contained in paragraph 254.

255.     Citi denies the allegations contained in paragraph 255, except admits that (i) Mayagüez entered into the ISDA Master Agreement with Citibank on or about July 28, 2009 and the Colombian ISDA with Citibank-Colombia S.A. on or about January 3, 2011; and (ii) the November 2013 and July 2014 currency hedging transactions with Mayagüez were amended.

256.     Citi denies the allegations contained in paragraph 256.

257.     Citi denies the allegations contained in paragraph 257 and incorporates by reference its responses to paragraphs 131 to 136.

258.     Citi denies the allegations contained in paragraph 258.

259.     Citi denies the allegations contained in paragraph 259.

260.     Citi denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 260.

261.     Citi denies the allegations contained in paragraph 261.

### ELEVENTH CAUSE OF ACTION
**Unconscionability**
**(Against Defendants Citigroup and Citibank)**

262 – 267.     Paragraphs 262-267 purport to state a claim for unconscionability.  This claim was dismissed in its entirety in the Court's opinion and order dated March 28, 2018, and accordingly Citi is not obligated to respond to these allegations.  To the extent responses may be required, Citi denies the allegations contained in paragraphs 262-267.

### PRAYER FOR RELIEF

268 – 271.     Citi denies that Mayagüez is entitled to any relief and requests that the Court dismiss all claims against Citi with prejudice and order such further relief as the Court deems just and proper.

### DEFENSES

Citi asserts the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitute an admission that Citi is in any way liable to Mayagüez, that Mayagüez has been or will be injured in any way, or that Mayagüez is entitled to any relief whatsoever.  In asserting the following defenses, Citi does not assume any burden of proof, persuasion or production with respect to any issue where the applicable law places the burden on Mayagüez.  Pursuant to Federal Rule of Civil Procedure 44.1, Citi hereby gives notice of its intention to rely on the laws of Colombia, to the extent applicable, in its defense against the claims Mayagüez purports to assert under the laws of Colombia.  In so doing, Citi does not concede the applicability of Colombian law to any claim or issue.

First Defense

Mayagüez fails to state a claim upon which relief can be granted.

Second Defense

Mayagüez's claims are barred, in whole or in part, by applicable statutes of limitations (*prescripción*) and/or repose.

Third Defense

Mayagüez's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, ratification, *in pari delicto*, and/or other related equitable doctrines.

Fourth Defense

Mayagüez lacks standing to assert its claims against Citi.

Fifth Defense

Mayagüez's claims are barred, in whole or in part, because none of Citi's alleged statements or omissions was materially false or misleading at the time it purportedly was made.

Sixth Defense

Mayagüez's claims are barred, in whole or in part, because all or some of the allegedly false or misleading statements allegedly made by Citi were statements of opinion, which had a reasonable basis, or were accurate.

Seventh Defense

Mayagüez's claims are barred, in whole or in part, because it knew of some or all of the allegedly misstated or omitted information at the time of the alleged agreements.

Eighth Defense

Mayagüez's claims are barred, in whole or in part, because no act or omission of Citi caused Mayagüez to sustain any injury.

<u>Ninth Defense</u>

Mayagüez's claims are barred, in whole or in part, because and to the extent that
Mayagüez has incurred no legally cognizable injury or damages.

<u>Tenth Defense</u>

Mayagüez's claims are barred, in whole or in part, because Citi's alleged conduct did not
actually or proximately cause Mayagüez's alleged losses or damages.

<u>Eleventh Defense</u>

Mayagüez's claims are barred, in whole or in part, because its alleged injuries or damages
resulted from factors other than the purported misstatements or omissions alleged in the
Complaint.

<u>Twelfth Defense</u>

Mayagüez's claims are barred, in whole or in part, because it failed to perform all of the
material conditions, covenants, and promises required to be performed in accordance with the
terms of the agreements at issue.

<u>Thirteenth Defense</u>

Mayagüez's claims are barred, in whole or in part, because it failed to plead and cannot
prove actual or justifiable reliance on any alleged misstatement or omission by Citi.

<u>Fourteenth Defense</u>

Mayagüez's claims are barred because Citi at all times acted in good faith without scienter
or any knowledge or intent to commit fraud.

<u>Fifteenth Defense</u>

Mayagüez's claims are barred, in whole or in part, because it failed to satisfy its duty to
mitigate damages.

### Sixteenth Defense

Any damages claimed by Mayagüez should be set off by the amount of damages that Mayagüez failed to mitigate.

### Seventeenth Defense

Citi was not unjustly enriched by its alleged conduct.

### Eighteenth Defense

Mayagüez fails to state any claim for relief against Citigroup because Citigroup was not a party to any of the transactions that form the alleged basis for Mayagüez's claims.

### Nineteenth Defense

Mayagüez's claims are barred, in whole or in part, because Mayagüez was aware of and/or assumed the risk of any losses, including, without limitation, as set forth in the ISDA Master Agreement, the Colombian ISDA, and the Off Market Letters from Mayagüez to Citibank-Colombia S.A. dated February 10, 2014 and December 29, 2014 and the Off Market Letter from Mayagüez to Citibank executed on January 9, 2015 (and dated January 9, 2014 in error) (collectively, the "Off Market Letters").

### Twentieth Defense

Mayagüez's claims are barred, in whole or in part, by the existence and provisions of the ISDA Master Agreement and the Colombian ISDA, which set forth the parties' rights and obligations with respect to each other, including, without limitation, Mayagüez's representations of non-reliance on Citibank and Citibank-Colombia S.A., acceptance of the risk of loss, that Citibank and Citibank-Colombia S.A. provided all necessary information and that such information was provided in a timely and clear manner, that Mayagüez was solely responsible for

any transactions it negotiated with Citibank and Citibank-Colombia S.A., and that Citibank and Citibank-Colombia S.A. were not liable for the outcome of the resulting transactions.

### Twenty-First Defense

Mayagüez's claims are barred, in whole or in part, because Citi had no duty to disclose to Mayagüez any facts allegedly not disclosed, and did not breach any duty of disclosure to Mayagüez.

### Twenty-Second Defense

Mayagüez's claims are barred, in whole or in part, because any conduct by Citi was non-reckless, non-malicious, taken in good faith, with reasonable care and diligence, and without intent to commit fraud, and did not directly or indirectly constitute unlawful conduct.

### Twenty-Third Defense

Mayagüez's claims are barred, in whole or in part, because any alleged misrepresentations or omissions by Citi were not material.

### Twenty-Fourth Defense

Mayagüez's claims are barred, in whole or in part, because of the lack of jurisdiction and/or because venue is improper and Mayagüez's claims should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure or under the doctrine of *forum non conveniens*.

### Twenty-Fifth Defense

Mayagüez's claims against Citi are barred, in whole or in part, because Mayagüez was benefitted more than harmed by Citi's alleged conduct.

### Twenty-Sixth Defense

Mayagüez's claims are barred, in whole or in part, because Mayagüez has failed to plead its claims with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

### Twenty-Seventh Defense

Mayagüez's claims are barred, in whole or in part, because Mayagüez has failed to plead scienter or specific intent with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

### Twenty-Eighth Defense

Mayagüez's claims are barred, in whole or in part, because of Mayagüez's inequitable conduct and unclean hands.

### Twenty-Ninth Defense

Any damages claimed by Mayagüez may not exceed the profit gained or loss avoided as a result of the alleged transactions.

### Thirtieth Defense

Mayagüez's claims are barred, in whole or in part, because of Mayagüez's own actions, omissions, recklessness, and/or negligence.

### Thirty-First Defense

Mayagüez's claims are barred, in whole or in part, because Citi did not act with the requisite intent.

### Thirty-Second Defense

Mayagüez is not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

### Thirty-Third Defense

Mayagüez is not entitled to any, or its requested rate of, prejudgment interest.

Thirty-Fourth Defense

Mayagüez's claims are barred, in whole or in part, by the contribution of or the comparative fault and contributory negligence of Mayagüez.

Thirty-Fifth Defense

To the extent Mayagüez purports to request equitable relief, any such claim is barred to the extent Mayagüez has an adequate remedy at law.

Thirty-Sixth Defense

Mayagüez's claims are barred, in whole or in part, by Citibank's and Citibank-Colombia S.A.'s express disclaimers of the accuracy and completeness of the information provided to Mayagüez during the negotiations leading to the transactions at issue.

Thirty-Seventh Defense

Mayagüez's claims are barred, in whole or in part, because, in the Off Market Letters, Mayagüez expressly waived any claims or actions against Citi for any liability or responsibility for the success or otherwise of the transactions at issue in this action.

Thirty-Eighth Defense

Mayagüez's claims are barred, in whole or in part, because Mayagüez was aware that the transactions it entered into with Citi were high risk transactions.

Thirty-Ninth Defense

Mayagüez's claims are barred, in whole or in part, because Mayagüez is bound by its representations in  the ISDA Master Agreement, the Colombian ISDA and the Off Market Letters that, *inter alia*, Mayagüez (i) was exclusively responsible for the transactions it negotiated with Citibank and Citibank Colombia; (ii) was not relying on the advice of Citibank or  Citibank-Colombia S.A. for legal, tax, accounting or investment matters; (iii) was seeking and would rely

on the advice of its own professionals and advisors for such matters and it will make an

independent analysis and decision regarding the Transaction based on such advice; (iv) would

determine, without reliance upon Citibank or  Citibank-Colombia S.A., the economic risks and

merits, as well as legal, accounting and taxes characterizations and consequences of the

Transaction; and (v) would be capable of assuming such risk.

Fortieth Defense

Mayagüez's claims are barred, in whole or in part, because Citi did not lie to Mayagüez,

nor did it induce Mayagüez to enter into any of the currency hedging transaction at issue in this

case or the contracts governing those transactions.  To the contrary, on several occasions, Citibank

warned, cautioned and prevented Mayagüez from incurring losses under certain circumstances.

Forty-First Defense

Mayagüez's claims are barred, in whole or in part, under the Colombian law principle

*Doctrina de los actos propios* or "*Venire factum proprium non valet,*" pursuant to which a

plaintiff is not entitled to relief for conduct it previously accepted or tolerated, or in which it

participated or engaged.

Forty-Second Defense

Mayagüez's claims are barred, in whole or in part, under the Colombian law principle

*Nadie puede alegar su propia torpeza* or "*Nemo auditor propriam turpitudinem allegans,*"

pursuant to which a plaintiff is not entitled to relief for damages caused by its own conduct.

Forty-Third Defense

Mayagüez's claims are barred, in whole or in part, by the presumption of good faith

(*presunción de buena fe*) of Article 835 of the Colombian Commercial Code, which presumes that

a party acts in good faith in commercial matters.

Forty-Fourth Defense

Mayagüez's claims are barred, in whole or in part under the Colombian law principle *El contrato es ley para las partes* pursuant to Article 1602 of the Colombian Civil Code, to the extent that Mayagüez seeks to disavow its contractual representations and its conduct during the negotiation of the transactions with Citibank and Citibank-Colombia S.A., Mayagüez's claims are contrary to the principle of good faith, pursuant to which defendant are entitled to a reasonable expectation that the plaintiff will be bound by and respect its representations and the conduct it engaged in during the negotiation and performance of the contract.

Forty-Fifth Defense

Mayagüez's claims are barred, in whole or in part, because the volatility of the exchange rate is an open and notorious fact that need not be proven under Colombian law and Mayagüez therefore is estopped from alleging it was not aware of the risks that its export operations entailed vis-à-vis the volatility of the exchange rate.

Forty-Sixth Defense

Mayagüez's claims are barred, in whole or in part, because Mayagüez is a sophisticated and professional investor with robust experience in the financial markets and is therefore expected to be conscious of the risks it bears when undertaking to engage in currency forward transactions and to conduct itself accordingly.

Forty-Seventh Defense

Mayagüez's claims are barred, in whole or in part, because Citi did not engage in any negligent or grossly negligent conduct toward Mayagüez.

<u>Forty-Eighth Defense</u>

Mayagüez's claims are barred, in whole or in part, because Citi's economic activity is permitted and regulated under Colombian law, and Citi did not cause any wrongful damage to Mayagüez.

<u>Forty-Ninth Defense</u>

Mayagüez's claims are barred, in whole or in part, because Citi did not breach any duties or obligations to Mayagüez when performing the contracts governing the currency hedging transactions between the parties.

<u>Fiftieth Defense</u>

Mayagüez's claims are barred, in whole or in part, because by agreeing to the terms of the Master ISDA Agreement, the Colombian ISDA, and the Off Market Letters, and executing several confirmations and other documents with respect to the currency hedging transactions at issue in this case, Mayagüez negotiated and participated in the formulation of the terms of those transactions.

<u>Fifty-First Defense</u>

Mayagüez's claims are barred, in whole or in part, because Citi did not willfully cause any damage to Mayagüez.

<u>Fifty-Second Defense</u>

Mayagüez's claims are barred, in whole or in part, because Citibank and Citibank-Colombia S.A. conducted themselves diligently and honestly with respect to Mayagüez, both before entering into and executing the Master ISDA Agreement, the Colombian ISDA, the Off Market Letters, and all other documentation supporting and/or evidencing the transactions at issue, and throughout the course of their performance under those agreements and documents.

<u>Fifty-Third Defense</u>

Mayagüez's claims are barred, in whole or in part, because due to Mayagüez's entry into binding and enforceable contract that governs its relationships with Citibank and Citibank-Colombia S.A., Mayagüez lacks standing to assert its claims for willful or negligent violation of Article 2341 of the Colombian Civil Code.

<u>Fifty-Fourth Defense</u>

Mayagüez's claims are barred, in whole or in part, because due to Mayagüez's entry into binding and enforceable contract that govern its relationships with Citibank and Citibank-Colombia S.A., Mayagüez lacks standing to assert its claim for violation of Article 863 of the Colombian Civil Code.

<u>Fifty-Fourth Defense</u>

Mayagüez's claims under Articles 863 and 2341 of the Colombian Civil Code are barred, in whole or in part, because the claims arbitrarily and wrongfully seek to substitute the terms of Mayagüez's binding and enforceable contractual obligations with the provisions of Articles 863 and 2341.

<u>Fifty-Fifth Defense</u>

Mayagüez's claims are barred, in whole or in part, pursuant to the Colombian law principle of *igualdad jurídica entre las partes*, whereby Mayagüez, on the one hand, and Citibank and Citibank-Colombia S.A., on the other hand, were on equal footing with respect to the negotiation of the agreements and other documents governing the transactions at issue.

**RESERVATION OF RIGHTS**

Citi expressly reserves its right to amend and/or supplement this answer and all other pleadings to assert additional defenses, cross-claims and third-party claims not asserted herein that

may become known to it through discovery or otherwise.


 DATED:  May 11, 2018                    Respectfully submitted,


                                         SHEARMAN & STERLING LLP

                                         By:    /s/  Adam S. Hakki_____
                                                Adam S. Hakki
                                                Agnès Dunogué
                                                H. Miriam Farber

                                         599 Lexington Avenue
                                         New York, New York  10022
                                         Telephone:  (212) 848-4000
                                         Facsimile:  (212) 848-7179

                                         *Attorneys for Defendants Citigroup, Inc. and*
                                         *Citibank, N.A.*