UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MAYAGÜEZ S.A.,

        Plaintiff,

-against-

CITIGROUP, INC. and CITIBANK, N.A.,

        Defendants.

CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

Case No. 16 Civ. 06788 (PGG)(JLC)

JAMES L. COTT, U.S.M.J.:

    After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1. The parties do not agree regarding whether this case is to be tried to a jury.

    a. Plaintiff's position is that the case should be tried to a jury.

    b. Defendants' position is that the case should not be tried to a jury.

2. No additional parties may be joined except with leave of the Court. Except for good cause shown, any motion to join additional parties must be filed within 30 days from the date of this Order.

3. A party may not amend its pleadings except with leave of the Court. Except for good cause shown, any motion to amend pleadings must be filed within 30 days from the date of this Order.

4. The parties must complete <u>fact</u> discovery no later than 12 months from issuance of this Order.

5. If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 4. Under this Order's interim deadlines, the parties must:

    a. Serve initial requests for production of documents within two weeks from issuance of this Order.

    b.    Serve interrogatories within three weeks from issuance of this Order.

    c.    Complete depositions of fact witnesses within three months after the parties inform each other that they have substantially completed their document production, which they must do no later than nine months after issuance of this Order.

        i.    Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

        ii.    There is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii.    Unless the parties agree or the Court so orders, non-party depositions must follow initial party depositions.

        iv.    Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of the Court.

    d.    Serve requests to admit within six months from issuance of this Order.

6.    The parties must complete <u>expert</u> discovery no later than six months after the end of fact discovery, [handwritten: subject to further review by the Court once fact discovery has concluded.]

    a.    Every party-proponent that intends to offer expert testimony in respect of a claim – including any counterclaim, cross-claim or third-party claim – must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) no later than two months after the end of fact discovery. Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) two months later.

    b.    No party may offer expert testimony – whether designated as "rebuttal" or otherwise – beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than seven calendar days after the latter of the dates specified in paragraph 6(a). The parties may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 6.

    c.    Plaintiff anticipates expert testimony concerning the following issue(s): (i) Colombian law; (ii) currency hedging instruments; and (iii) damages and causation.

    d.    Defendants anticipate expert testimony concerning the following issue(s): (i) Colombian law; (ii) currency hedging instruments, including but not limited to market context, investor expectations and understanding regarding currency hedging products as against different investor profiles and criteria, and understanding of relationship between counterparties in a currency hedging transaction (including banks and customers); and (iii) damages and causation.

7.    Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices by two weeks after the close of expert discovery. Opposition letters are due one week later.

8.    Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

9.    Counsel for the parties have conferred and their present best estimate of the length of trial is: two weeks.

10.    At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the Court will set a <u>Ready Trial Date</u>. At any time on or after the <u>Ready Trial Date</u>, the Court may call the parties to trial upon <u>48 hours' notice</u>. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time. Such notice must come <u>before</u> the Court notifies counsel of an <u>actual trial date</u>, <u>not after</u> counsel receives notification of the actual trial date. Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

11.    Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance – signed by all parties – before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they <u>must</u> immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

12.    The next pretrial conference is scheduled for ~~August 23~~ November 16, 2018 at 2:15 p.m. in Courtroom 21-D of the United States Courthouse, 500 Pearl Street, New York, New York. The parties shall submit a joint letter to the Court by November 9, 2018 identifying any issues to be addressed at the conference, or alternatively, can seek to adjourn the conference if there are no issues to be addressed.

*As discussed at the conference today, the fact discovery deadline will not be extended under any circumstances.*

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices.

Dated: New York, New York

August 23, 2018

SO ORDERED.

_____
James L. Cott
United States Magistrate Judge