```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   4/18/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MAYAGÜEZ S.A.,

                Plaintiff,

    -v-

CITIGROUP INC., *et al.*,

                Defendants.
---------------------------------------------------------------X

**ORDER**

16-CV-6788 (PGG) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

      WHEREAS, this case has been referred to me for general pre-trial supervision by order of reference dated July 19, 2018 (Dkt. No. 54); and

      WHEREAS, the Court held a conference with the parties on April 17, 2019 at which I set forth on the record several rules related to the conduct of depositions consistent with Rule 30 of the Federal Rules of Civil Procedure, and advised the parties that I would memorialize those rules (and others) in a formal order; it is hereby

      ORDERED, that the following procedures shall govern depositions henceforth conducted in this action.[1]

- Counsel are instructed to avoid argumentative or repetitive questions and speaking objections.

- Objections as to the form of the question shall be made by opposing counsel, who shall simply state, "Objection," or, at most, "Objection as to Form." The

---

[1] Virtually all of these procedures are taken directly from Judge Kaplan's helpful order in *Auscape International v. National Geographic Society*, No. 02 Civ. 6441 (LAK), 2002 WL 31014829, at *1 (S.D.N.Y. Sept. 6, 2002). For additional guidance, the Court also commends to the parties both Magistrate Judge Gorenstein's memorandum order in *Severstal Wheeling Inc. v. WPN Corp.*, No. 10 Civ. 954 (LTS) (GWG), 2012 WL 1982132 (S.D.N.Y. May 30, 2012) (addressing, *inter alia*, argumentative and non-concise objections and improper directions not to answer), and Magistrate Judge Fitzsimmons' ruling in *Namoury v. Tibbetts*, No. 3:04CV599 (WWE) (HBF), 2007 WL 638436 (D. Conn. Feb. 27, 2007) (regarding hypothetical questions at depositions).

objecting counsel shall not speak any additional words concerning the basis of the objection unless the examining counsel requests a clarification. Any clarification as to the basis of the objection shall be stated as succinctly as possible, such as, "Argumentative," or "Ambiguous," or "Asked and Answered." Objecting counsel should not pose questions to the deposing counsel. A party taking a deposition is entitled to do so without unnecessary interruption, including efforts at clarification. If clarification is required, it should be sought by the deponent, not by counsel.

- Objections to the responsiveness of the answer shall be made by the examining counsel, or by counsel for parties other than the deponent (if applicable), who shall simply state, "Move to strike as unresponsive." The objecting counsel shall not speak any additional words concerning the basis of the motion unless deponent's counsel requests a clarification.[2]

- Once counsel representing any party states "Objection," following a question, then all parties have preserved all possible objections to the form of the question unless the objector states a particular ground or grounds of objection, in which case that ground or those grounds alone are preserved. Similarly, if examining counsel states "Move to Strike," following an answer, then all parties have preserved all possible objections to the responsiveness of the answer.

- Directions to the deponent not to answer a question are improper except on the ground of privilege, on the ground that the Court has ordered that such information is not subject to discovery, or to enable a party or deponent to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith, or in such a manner as to unreasonably annoy, embarrass, or oppress the moving party or deponent. Instructions not to answer a question given to a witness by counsel shall be kept to a minimum. All grounds for an instruction not to answer a question must be stated at the time the instruction is given. Failure to state a ground at that time will result in its waiver. When a privilege is claimed, the deponent must answer questions relevant to the existence, extent and/or waiver of the privilege, including questions addressing the date of privileged communication, who made the privileged communication, and the identity of persons to whom the contents of the statement have been disclosed.

- Finally and importantly, counsel are instructed to avoid any colloquy among themselves during the course of the deposition.

---

[2] If any third-party depositions are taken in this case, counsel of record are directed to provide a copy of this order to counsel for the third parties in advance of their depositions.

Any violations of these guidelines may lead to the imposition of sanctions.

**SO ORDERED.**

Dated: April 18, 2019
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge