**SHEARMAN & STERLING LLP**

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

October 7, 2020

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Honorable James L. Cott
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>Mayagüez SA. v. Citigroup, Inc., et al.</u>, Case No. 16 Civ. 06788 (PGG) (JLC)

Dear Judge Gardephe and Judge Cott:

We represent Defendants Citigroup, Inc. and Citibank, N.A. (the "Defendants") in the above-referenced action. Pursuant to paragraph I(A) of the Individual Rules of Practice of Judge Gardephe and the Individual Practices of Magistrate Judge Cott, and in light of the referral of Plaintiff Mayagüez, S.A. ("Mayagüez")'s Motion for Summary Judgment (ECF No. 152) to Magistrate Judge Cott, we write respectfully to request that the Court disregard Mayagüez's improper Reply to Defendants' Response and Counterstatement to Mayagüez's Rule 56.1 Statement of Material Facts (ECF No. 169) ("Mayagüez's Reply to Defendants' 56.1 Response"), or alternatively, if the Court is inclined to consider it, that Defendants be permitted to respond succinctly to it. To avoid burdening the Court with further motion practice, and given the disfavor with which motions to strike 56.1 submissions are viewed, Defendants submit this letter for the Court's consideration, but stand ready to submit full motion briefing on this issue if the Court deems it appropriate.

**Introduction**

Mayagüez is a large multinational sugar cane and ethanol producer based in Colombia, which brought various tort claims under Colombian and New York Law against Defendants related to three currency hedging transactions Mayagüez entered into with Defendant Citibank, N.A. ("Citibank") or non-party Citibank Colombia S.A. ("Citibank Colombia") in 2013, 2014, and 2015 (the "Currency Trades"). On September 22, 2020, Defendants and Mayagüez filed respective Motions for Summary Judgment (ECF Nos. 149 and 152). In connection with these submissions, Defendants and Mayagüez filed their respective 56.1 Statements. *See* Defendants'

Hon. Paul G. Gardephe                                                                                          October 7, 2020
Hon. James L. Cott

Local Rule 56.1 Statement of Undisputed Facts In Support Of Their Motion For Summary Judgment ("Defendants' 56.1 Statement") and Mayagüez's Statement Of Undisputed Material Facts ("Mayagüez's 56.1 Statement") (ECF Nos. 160 and 154, respectively).  Defendants and Mayagüez then filed their respective Responses to their respective 56.1 Statements.  *See* Defendants' Responsive Statement And Counterstatement To Mayagüez's 56.1 "Statement Of Material Facts" ("Defendants' Response to Mayagüez's 56.1 Statement") and Mayagüez's Response To Defendants *[sic]* Statement Of Material Facts Pursuant To Local Civil Rule 56.1 And Statement Of Additional Facts ("Mayagüez's Response to Defendants' 56.1 Statement") (ECF Nos. 157 and 164, respectively).  Subsequently, and expressly contrary to all applicable rules and relevant decisions in the Second Circuit, Mayagüez filed a (455-page) Reply to Defendants' 56.1 Response—in which it purported to introduce new exhibits, add record citations, again argue in favor of its own unsupported characterizations of the record, explicitly or implicitly amend almost 300 statements made in its 56.1 Statement, and claimed that, in light of the above, *every* one of its 491 statements in Mayagüez's 56.1 Statement (ECF No. 154) is "undisputed."

Mayagüez's Reply to Defendants' 56.1 Response is improper and incorrect.  As further set forth below, such a reply is not permitted under the applicable rules, as courts have repeatedly found.  Further, Mayagüez purports to erroneously claim that each of its 56.1 statements is "undisputed"—which is demonstrably incorrect and, in any event, a question for this Court to determine.  Mayagüez's Reply to Defendants' 56.1 Response is particularly improper and potentially unfairly prejudicial to Defendants because it effectively seeks to amend the majority of its original statements, without providing Defendants an opportunity to respond.

Accordingly, Defendants respectfully request that the Court entirely disregard Mayagüez's Reply to Defendants' 56.1 Response.  Should the Court be inclined to consider it, however, Defendants ask that they be permitted to respond to it, as set forth below.  As explained in Defendants' 56.1 Response and other submissions related to Defendants' Motion for Summary Judgment, there is no genuine dispute as to any material fact preventing summary judgment in Defendants' favor, but Mayagüez's 56.1 Statement is replete with unsupported mischaracterizations of the record and improper legal argument, and such statements are clearly not "undisputed."

**Mayagüez's Improper Reply to Defendants' 56.1 Response**

   *Mayagüez's Reply to Defendants' 56.1 Response Is Not Permitted*

The rules are clear that a party is required to provide statements pursuant to Local Rule 56.1, and the non-moving party is required to provide a response to the other side's 56.1 statements—but the moving party is not permitted to file a reply to the non-moving party's response.  *See* Individual Rules of Practice of Judge Gardephe V.A-B ("Any party filing a motion for summary judgment (or partial summary judgment) shall submit with that motion a Local Civil Rule 56.1 Statement" and "[t]he party opposing the motion must submit a response to the moving party's 56.1 Statement").  Courts in this district have accordingly declined to consider such 56.1 reply statements.  *See, e.g.*, *G.S. v. Pleasantville Union Free Sch. Dist.*, No. 19-CV-6508 (CS), 2020 WL 4586895, at *1 n.2 (S.D.N.Y. Aug. 10, 2020) (noting that "Local Rule 56.1 does not permit the filing of reply Rule 56.1 Statements" and that "[a] reply Rule 56.1 Statement is a procedurally improper attempt to have the last word in a manner that is not contemplated by the

Hon. Paul G. Gardephe                                                                              October 7, 2020
Hon. James L. Cott

local rules") (internal quotation marks omitted); *Cunningham v. Cornell Univ.*, No. 16-CV-6525 (PKC), 2019 WL 4735876, at *1 n.3 (S.D.N.Y. Sept. 27, 2019), *reconsideration denied*, No. 16-CV-6525 (PKC), 2020 WL 1165778 (S.D.N.Y. Mar. 11, 2020) (holding that a party engaged in "improper Rule 56.1 practices" by filing a reply to the other party's response to its 56.1 statement).[1]  Indeed, "[t]he Court is capable of determining whether [a party] improperly disputed a fact without needing [the other party] to file a procedurally improper document explaining as much." *G.S.*, 2020 WL 4586895 at *1 n.2.  "Whether any disputed issue of fact exists is for the Court to determine." *Droplets, Inc. v. E*TRADE Fin. Corp.*, No. 12-cv-2326, 2015 WL 1062670, at *2 (S.D.N.Y. Mar. 9, 2015) (citing *Balderman v. United States Veterans Admin.*, 870 F.2d 57, 60 (2d Cir. 1989)).

Accordingly, this Court should disregard in its entirety Mayagüez's Reply to Defendants' 56.1 Response.

> *Mayagüez's Reply to Defendants' 56.1 Response Is Particularly Prejudicial to Defendants*

Although Defendants do not wish to burden this Court with an analysis of the myriad substantive issues with Mayagüez's Reply to Defendants' 56.1 Response, Defendants provide the below short discussion of representative examples of the particularly prejudicial nature of this improper Reply in case it is helpful to the Court in concluding that it should be disregarded.  In the event that the Court determines it will consider Mayagüez's Reply to Defendants' 56.1 Response, Defendants ask that they be permitted to respond to it.

In its Reply to Defendants' 56.1 Response, Mayagüez effectively seeks to amend almost 300 of its statements, including by adding new citations to the record and entirely new exhibits, which Mayagüez incorrectly contends support its statements.  Because Defendants have not had an opportunity to respond, Mayagüez's Reply to Defendants' 56.1 Response is not only improper but potentially unfairly prejudicial to Defendants.

For example, Mayagüez introduces an entirely new exhibit purportedly showing the amount of interest payments Mayagüez made on a loan from a different bank, which it states it took out in connection with its decision to terminate early the third Currency Trade, and adds cites to its

---

[1] "[A] reply 56.1 statement is particularly unnecessary where, as here, the Court is considering cross-motions, and thus [each party] had the opportunity to respond to [the other party's] statements." *G.S.*, 2020 WL 4586895 at *1 n.2.  This is also the case here:  Mayagüez had an opportunity to, and did, respond to Defendants' 56.1 statements. *See* Mayagüez's Response to Defendants' 56.1 Statement.
By contrast, if a party includes statements of new, additional facts in its response to the other party's 56.1 Statement, the other party may respond to such new facts. *See Cunningham*, 2019 WL 4735876, at *1 n.3; *see also* Individual Rules of Practice of Judge Gardephe V.B (in response 56.1 statement, "[i]f additional factual allegations are made, the opponent must file a responsive 56.1 Statement of its own").  Here, Defendants did not include any new, additional facts or statements in their Response to Mayagüez's 56.1 Statement.  Mayagüez itself did include a separate new Statement of Additional Material Facts in its own Response to Defendants' 56.1 Statement, and Defendants accordingly properly responded to those new statements in their Responsive Statement To Mayagüez's "Statement Of Additional Material Facts") (ECF No. 186).  Defendants did not seek to "reply" to the entirety of Mayagüez's Response to Defendants' 56.1 Statement.

Hon. Paul G. Gardephe                                                                October 7, 2020
Hon. James L. Cott

Treasurer's deposition testimony purportedly supporting its statement about the use of that loan. *See* Mayagüez's Reply to Defendants' 56.1 Response ¶¶ 463-65 and Plaintiff's Exhibit 198 (ECF No. 169). Mayagüez then claims that its statements in ¶¶ 463-65 are "undisputed" on the basis of this additional evidence. Nothing in the additional testimony and new exhibit, however, actually shows that the third-party bank loan was required and used to make payments in connection with the early termination of the third Currency Trade. Accordingly, Mayagüez's statements continue to not be supported by the evidence, including the new citations and exhibit Mayagüez improperly seeks to add in its "reply" and to which Defendants have not had an opportunity to respond.

As another example, Mayagüez purports to amend its statement that "Citi would have to pay Mayagüez USD 34.9 to make the January 2015 Currency Trade cash neutral" by adding record citations that Mayagüez now alleges "show[] a premium" of "USD 2.2MM" and "USD 32.7MM" in the third Currency Trade. *See* Mayagüez's Reply to Defendants' 56.1 Response ¶ 398 and Plaintiff's Exhibits 142-43. These additional citations do not, however, support Mayagüez's statement because what Mayagüez refers to as "premiums" were simply a mechanism used to transfer the balance of the second Currency Trade to the third Currency Trade. *See, e.g.*, DEX 111 (confirmatory documents executed by Mayagüez to transfer the trade from Citibank Colombia to Citibank N.A.). Mayagüez again attempts to mischaracterize the record, without affording Defendants an opportunity to provide the necessary corrections for the Court's consideration.

Mayagüez's other purported amendments—pertaining to, among other things, statements allegedly made in presentations and communications prior to and during the Currency Trades; the corporate relationship between Defendants and non-party Citibank Colombia, and the terms of the Currency Trades themselves—also incorrectly contend that, in light of the additional citations and arguments made in Mayagüez's Reply to Defendants' 56.1 Response, Mayagüez's statements are all "undisputed." Defendants would be potentially unfairly prejudiced by the Court's consideration of such inaccurate contentions, to which Defendants have not had an opportunity to respond.

Accordingly, Defendants respectfully request that the Court disregard Mayagüez's Reply to Defendants' 56.1 Response—but, if the Court were to consider it, that Defendants be permitted to respond to it.

Hon. Paul G. Gardephe  October 7, 2020
Hon. James L. Cott

Respectfully submitted,

  /s/ *Agnès Dunogué*
Adam S. Hakki
Agnès Dunogué
SHEARMAN & STERLING LLP
599 Lexington Avenue New York, NY 10022
Tel. 212-848-4924
Tel. 212-848-5257
ahakki@shearman.com
agnes.dunogue@shearman.com

*Attorneys for Defendants*

cc: All Counsel of Record (via ECF)